VIRGILIO RICCI-ESBRI, Plaintiff and Appellee, v. RAFAEL MARÍA ORTEGA-ESBRI, Defendant and Appellant.

No. 3697. Argued February 12, 1926.—Decided March 4, 1926.

*Arturo Ortiz Toro* for the appellant.    *López de Tord & Zayas Pizarro* for the appellee.·

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant and appellant admits that he executed a promissory note in the sum of $500 with interest thereon at 10 per cent from the 1st of November, 1922.   When sued on this obligation he set up various accounts wherein he sought to extinguish the claim.   The court rendered judgment against him for $241 with interest thereon at 10 per cent from the date of the interposition of the complaint.

The appellant sets up three errors seriatim, but failed to file an assignment of errors.   The first and second alleged errors relate to the weighing of the evidence.   In discussing them the appellant makes no reference to the pages of the record on which the testimony is to be found.   Under these circumstances it suffices to say that from the briefs it definitely appears that the court was justified, either in the resolution of conflicting statements or in not giving full credence to the statement of the defendant as to the various funeral outlays or the claim for board and lodging against the deceased payee of the note.   When a party appeals from a judgment involving the weight of the evidence and fails to file an assignment of errors relating to several claims or to designate the pages of the record on which the testimony is to be found, under Rules 42 and 43 we are entiteld to dismiss the appeal or affirm the judgment without a minute analysis of the evidence.

The third alleged error related to the award of interest.   The appellant apparently thought the nature of his counterclaim converted his obligation to the complainant into a current account and hence that interest should only run from the judgment.   When however a person signs a promissory note running at interest from the date of the obligation, in the absence of any special liquidation or rendered accounts between the parties the owner of the note is entitled to

claim such interest from the date of the note and the defendant is only entitled to deductions from the principal and accrued interest as of the date on which payments are made or credits arise. The court gave the defendant more than he had a right to expect when it limited the recovery to the date of the filing of the complaint.

We find no error and the judgment should be affirmed.